27061. USRY v. WILLIAMS, administrator.

DECIDED OCTOBER 17, 1938.

*Casey Thigpen,* for plaintiff in error.
*M. C. Barwick, M. Cook Barwick,* contra.

SUTTON, J. S. W. Williams, as administrator of the estate of Mrs. Susan Williams, filed a final return at the February, 1938, term of the court of ordinary of Glascock County, and at the same time filed an application for his discharge as such administrator. A caveat was filed by Virgil, Robert H., Thomas, and Emory Usry, and Mrs. Myrtle Sammons, grandchildren of the deceased, in which it was claimed that the administrator had not filed an inventory and had not recovered possession of the personal property of the estate, which was sold before he was appointed administrator, and that the final return could not take the place of an inventory, and that the application for discharge should not be granted until after the expiration of twelve months from the date of his appointment, so that caveators might have the opportunity to cite him for a settlement. The case was appealed to the superior court by agreement in which it was stipulated that the caveats should not be deemed premature as having been filed before the return date of the citation of the administrator for a discharge, then be-

ing published and returnable to the March, 1938, term of the court of ordinary; that the appeal might be tried at the February, 1938, term of the superior court in Glascock County; and that the caveators in one caveat could make objections to the final return of the administrator and to his application for a discharge. The evidence shows that the administrator was appointed at the February term, 1937, of the court of ordinary; that by agreement among the heirs the personal property was sold before the administrator was appointed, and brought more then than it would have brought after the administrator was appointed, and besides there would have been considerable expense incurred in recovering possession of said property, even if it could have been found; that the administrator in his final return had charged himself with the amounts for which the personal property was sold and which represented its fair value; and that the personal property and land did not bring enough to pay the debts against the estate. The jury returned a verdict for the administrator. The caveators' motion for new trial was overruled, and one of them, Emory Usry, excepted to that judgment.

The failure to make and file an inventory of the property of the estate and to recover and resell the personal property were irregularities on the part of the administrator. But the evidence shows that the personal property was sold by the heirs before the administrator was appointed, that it brought its fair value, and that the administrator charged himself in his final return with the amounts for which the property was sold. The caveators failed to show that they were injured or damaged by the irregularities just mentioned, but the evidence showed without contradiction that there would have been additional expense incurred in recovering the personal property, and that in fact it brought more when it was sold than it would have brought after the administrator was appointed. The record shows that the parties agreed that the caveators in one caveat might object to the final return of the administrator and to his application for a discharge, and that the appeal might be tried at the February, 1938, term of Glascock superior court and before the return date of the citation for discharge then being published, which was returnable to the March, 1938, term of the court of ordinary. So the plaintiff in error had the opportunity to make and urge every objection to the final return

and application for discharge that he could have made and urged after the expiration of the twelve-months period from the date of the appointment of the administrator. The property failed to bring enough to pay the debts of the estate, although according to the evidence it brought its value, and there was nothing for distribution among the heirs. The caveators failed to show that they were in any way injured or damaged by the irregularities complained of. The verdict in favor of the administrator was approved by the trial judge, and no valid reason is here shown why the judgment should now be disturbed.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*